Jason D. Haymore (No. 13236)
Brandon Sipherd (No. 17910)
PEARSON BUTLER, LLC
1802 South Jordan Parkway, Suite 200
South Jordan, UT 84095
Tel: 801.495.4104
JasonH@pearsonbutler.com
brandon@pearsonbutler.com

Amanda Kuklinski (*pro hac vice application to be submitted*)
ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
akuklinski@zoldangroup.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES COURT DISTRICT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CHRISTINA LEWIS, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>EASSIST, INC. D/B/A EASSIST DENTAL SOLUTIONS, a Utah corporation,<br><br>Defendants. | **COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ.* AND JURY DEMAND**<br><br>Case No. 2:22-CV-00121-JCB<br><br>Honorable Magistrate Jared C. Bennett |

Plaintiff Christina Lewis, individually, and on behalf of all other persons similarly situated, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff and the Collective Members are current and former remote dental billing specialists who were misclassified as independent contractors and compensated on a flat rate basis.

2. Plaintiff and the Collective Members were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek and were not paid minimum wage for all hours worked.

3. Plaintiff and the Collective Members were not paid minimum wage for all hours worked in a given workweek.

4. Plaintiff and the Collective Members bring this action against Defendant for its unlawful failure to pay overtime and minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

5. This is an action for equitable relief, minimum wages, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein in this judicial district.

8. Venue is also proper because Plaintiff's Independent Contractor Service Agreement provides for exclusive venue in the state and federal courts of Utah for any disputes arising from or relating to the Agreement.

## PARTIES

9. At all relevant times to the matters alleged herein, Plaintiff Christina Lewis was a resident of Arizona.

10. Plaintiff was a full-time, non-exempt employee of Defendant from approximately December 2020 until November 2021.

11. At all relevant times, Plaintiff was a non-exempt employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

12. Defendant EAssist, Inc., d/b/a EAssist Dental Solutions ("EAssist"), is a Utah corporation with its principal place of business in Utah County, Utah.

13. At all relevant times, Defendant was Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

14. Plaintiff has a reasonable good faith belief that in her work for Defendant, she was employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000 in 2021.

15. Plaintiff has a reasonable good faith belief that in her work for Defendant, she was employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000 in 2020.

16. Plaintiff has a reasonable good faith belief that in her work for Defendant, she was employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000 in 2019.

17. Plaintiff and Collective Members, in their work for Defendant, regularly used the internet and telecommunications to communicate with Defendant's customers.

18. Plaintiff and Collective Members, in their work for Defendant, regularly handled records of interstate transactions, including transactions between out-of-state customers of Defendant and out-of-state insurance companies.

## COLLECTIVE ACTION ALLEGATIONS

19. EAssist is a dental billing service which contracts with dental offices throughout the United States to provide remote insurance and patient billing services.

20. EAssist services its customer dental offices ("customers") using remote dental billing specialists ("billing specialists") who review the customer's accounts and perform necessary follow-up tasks with insurance companies and patients to help the customer collect on billed services.

21. For example, billing specialists may look up a claim status on the insurance company's website to determine whether additional information is required to approve the claim, gather that information from the customer, and submit it to the insurance company for approval.

22. Plaintiff Christina Lewis brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly

situated individuals worked as remote dental billing specialists for Defendant. The proposed collective class for the FLSA claim is defined as follows:

> **All persons who worked as remote dental billing specialists (or in other positions with similar job titles or job duties) for Defendant at any time from three years prior to the filing of this Complaint through the entry of judgment; who were not paid $7.25 per hour for all hours in a given workweek and/or were not paid time-and-one-half for all hours worked over 40 in a given workweek are known as (the "Collective Members").**

23. Plaintiff has given her written consent to be a party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiff's signed consent form is attached as **"Exhibit 1"**. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

24. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendant suffered or permitted them to work.

25. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical or substantially similar.

26. Defendant paid Plaintiff and the Collective Members flat monthly rates based on the customers they serviced.

27. Defendant improperly classified Plaintiff and the Collective Members as independent contractors and therefore exempt from the FLSA's minimum wage and overtime pay requirements.

28. Plaintiff and the Collective Members routinely worked over forty (40) hours in a workweek and were not compensated by Defendant with overtime pay for the hours they worked over forty in a workweek.

29. Plaintiff and the Collective Members routinely worked for less than federal minimum wage.

30. For example, Plaintiff regularly worked over 40 hours per week but was regularly paid approximately $1,000 per month based on the customers she was assigned, for a wage of less than $6 per hour.

31. Defendant is aware that Plaintiff and, upon information and belief, those similarly situated worked under these conditions, and yet Defendant still denied them overtime compensation.

32. The Collective Members perform or have performed the same or similar work as the Plaintiff.

33. The Collective Members regularly work or have worked in excess of forty (40) hours during a given workweek.

34. The Collective Members are not exempt from receiving overtime pay.

35. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime pay.

36. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

37. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the Collective Members.

38. All class members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

39. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all of the Collective Members.

40. Defendant uniformly misrepresented to Plaintiff and other billing specialists that they were independent contractors and therefore ineligible to receive overtime pay. In reality, Plaintiff and other similarly situated employees are, and were, non-exempt employees who are, and were, entitled to overtime pay.

41. Defendant improperly classifies its billing specialists as independent contractors.

42. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and all other billing specialists.

43. Notice of this action should be sent to all similarly situated billing specialists.

44. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly stated employees are known to Defendant and are readily identifiable through Defendant's records.

## **FACTUAL ALLEGATIONS RELATING TO PLAINTIFF LEWIS**

45. On or around December 2020, Lewis began employment with Defendant as a remote dental billing specialist, performing various administrative tasks related to dental billing, including submitting documents to insurance companies for claim approval.

46. Lewis was misclassified as an independent contractor.

47. Billing specialists are an integral part of Defendant's business in that they perform the administrative work required to fulfill its contracts with customers.

48. Lewis was not hired to perform work for Defendant for a finite period; rather, she expected to continue working for Defendant indefinitely until she quit, or until Defendant no longer assigned her customers.

49. Defendant controlled the customers to which Lewis was assigned and the rate at which she was paid.

50. Lewis exercised very little independent discretion; the majority of her job required following basic claims procedures to submit necessary documents and perform follow up on insurance claims.

51. On or about December 9, 2020, Lewis signed an "eAssist Independent Contractor Service Agreement" which describes the terms of the relationship between Lewis and Defendant and purports to establish her as an independent contractor (hereinafter, "The Service Agreement").

52. The Service Agreement prohibits Lewis from providing services to any competitor of Defendant.

53. The Service Agreement also provides that any inventions, products, ideas, processes, and designs made by Lewis during "the period of [her] association with [Defendant]" is the property of Defendant.

54. Lewis had very little opportunity for profit or loss; though she was eligible for a small flat rate 5% bonus based on the number of accounts she cleared, she generally received the same fixed rate per customer per month, regardless of how much work she performed or how quickly she performed it.

55. Billing specialists had no open market competition with others for their success.

56. Billing specialists had little independent business organization and operation.

57. Though work was performed remotely with the billing specialist's own computer, billing specialists used an email address provided by Defendant and accessed customer systems using remote access software installed by Defendant.

58. Defendant provided the training to use the remote access software.

59. Lewis did not employ any helpers in her work for Defendant.

60. Lewis's work for Defendant did not require a special skill.

61. Defendant required Lewis to track and submit her hours and was aware she routinely worked in excess of 40 hours per week.

62. Defendant uniformly misrepresented to Lewis that she was an independent contractor and therefore ineligible to receive overtime pay or minimum wage.

## COUNT I:
## FAILURE AND/OR REFUSAL TO PAY OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

63. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

64. Plaintiff and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

65. While employed by Defendant, Plaintiff and the Collective Members worked overtime during their employment with Defendant, and Defendant did not pay to Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for such time.

66. As a result, Defendant has intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

67. Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

68. As a result, Defendant has intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

69. Defendant knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

70. As a result of Defendant's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one- and one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendant in excess of their regular 40-hour workweek, Defendant violated 29 U.S.C. § 207(a).

71. Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT II:
**FAILURE AND/OR REFUSAL TO PAY MINIMUM WAGE
IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

72. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

73. Plaintiff and the Collective Members were non-exempt employees entitled to the statutorily mandated minimum wage.

74. Defendant did not pay Plaintiff and the Collective Members minimum wage for all hours worked.

75. As a result, Defendant has intentionally failed and/or refused to pay Plaintiff and the Collective Members minimum wage according to the provisions of the FLSA.

76. Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 206.

77. As a result, Defendant has intentionally failed and/or refused to pay Plaintiff and the Collective Members minimum wage according to the provisions of the FLSA.

78. Defendant knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

79. Plaintiff and the Collective Members are therefore entitled to unpaid wages to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendant:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that the Defendant committed one or more of the following acts:

   i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

   ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

   iii. violated the FLSA, 29 U.S.C. § 206, by failing to pay minimum wage;

   iv. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff and the Collective Members hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED February 22, 2022.

**PEARSON BUTLER, LLC**

/s/ Brandon Sipherd
Brandon Sipherd
Jason D. Haymore
Attorneys for Plaintiffs

**ZOLDAN LAW GROUP, PLLC**

Amanda Kuklinski (*pro hac vice application to be submitted*)
Attorneys for Plaintiff