Sean A. Monson, USB #7261
Christina M. Jepson, USB # 7301
Eric U. Johnson, USB #16693
Aaron M. Worthen, USB #15292
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
SMonson@parsonsbehle.com
EJohnson@parsonsbehle.com
AWorthen@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CHRISTINA LEWIS, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EASSIST, INC. D/B/A EASSIST DENTAL SOLUTIONS, a Wyoming corporation,<br><br>Defendant. | **MOTION TO DISMISS AND COMPEL MEDIATION**<br><br>Case No. 2:22-CV-00121-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

## **TABLE OF CONTENTS**

RELIEF SOUGHT AND GROUNDS THEREFOR ........................................................................ 1
FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 1
STANDARD OF REVIEW ......................................................................................... 2
ARGUMENT ............................................................................................................. 2
CONCLUSION.......................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436 (10th Cir. 1998) ............................................. 6

*Blair v. TransAm Trucking, Inc.*, 309 F. Supp. 3d 977 (D. Kan. 2018) .......................................... 6

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir. 2002) ....................................................... 1

*Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210 (10th Cir. 2011) ......................................... 2

*Pruett v. U.S. Bank Nat. Ass'n*, No. 1:12CV00006, 2012 WL 5465554
   (W.D. Va. May 4, 2012) ............................................................................................................. 2

*Stone & Webster, Inc. v. Georgia Power Co.*, 968 F. Supp. 2d 1 (D. D.C. 2013) .......................... 5

*Tattoo Art, Inc. v. Tat Int'l, LLC*, 711 F. Supp. 2d 645 (E.D. Va. 2010) ........................................ 3

*US Magnesium, LLC v. ATI Titanium, LLC*, No. 2:16-CV-1158 TS, 2017 WL 913596 (D. Utah
   Mar. 7, 2017) ................................................................................................................... 3, 4, 5, 6

*Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381 (10th Cir. 2016) ............................................. 2

*Zions Mgmt. Servs. v. Rec.*, 2013 UT 36, 305 P.3d 1062 ............................................................... 3

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .................................................................................. 1, 2

4868-3871-9512.v2

## RELIEF SOUGHT AND GROUNDS THEREFOR

Defendant eAssist, Inc., d/b/a eAssist Dental Solutions ("eAssist") moves the Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss without prejudice Plaintiff's claims and to compel mediation. As alleged in Plaintiff's Complaint, Plaintiff executed an Independent Contractor Service Agreement with eAssist on or about December 9, 2020 ("Agreement"). Compl. at ¶ 51. The Agreement governs the relationship between the parties and expressly requires Plaintiff to mediate her claims against eAssist as a precondition to any litigation. Plaintiff failed to satisfy this contractual obligation and thus may not proceed in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her Complaint on February 22, 2022. ECF No. 2. Plaintiff's Complaint acknowledges and refers to the Agreement she signed with eAssist. *E.g.*, *id.* ¶ 51.[1] The Agreement contains a mandatory mediation provision, which states, in pertinent part:

> Any and all disputes arising from, or relating to, this Agreement shall first be attempted to be resolved through good faith, non-binding mediation pursuant to the following terms: within ten (10) business days after notice of demand for mediation has been made by a party, the parties, or their counsel, shall in good faith discuss the issues involved, discuss a suitable mediator and mediation procedure, and agree on mediation rules particularly tailored to the matter in dispute, with a view to the dispute's prompt, efficient, and just resolution, and the parties hereto shall conduct not less than four (4) hours of non-binding mediation on each such dispute, with such mediation to occur in the State of Utah. Unless otherwise agreed, the mediator's fees shall be borne equally by the parties. Each of the parties hereto hereby expressly agrees that the mediation of any said dispute is an express precondition for proceeding with further legal action of each such dispute.

---

[1] A true and accurate copy of the Agreement is attached as <u>Exhibit A</u>. Although Plaintiff did not attach the Agreement in the Complaint, she refers to the Agreement and it is central to her claims. *See* Compl. at ¶¶ 8, 51–53. Accordingly, the Court may consider the Agreement even in a Rule 12(b)(6) motion. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) ("In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.").

Ex. A at § 17.

Plaintiff's Complaint asserts causes of action individually, and as a putative collective action, under the Fair Labor Standards Act. *See* Compl. ¶¶ 63–79. As pleaded, both claims arise out of the Agreement. Plaintiff does not allege that she complied with the Agreement's mandatory mediation provision before initiating this lawsuit. *See generally* Compl.[2] Indeed, she cannot. The first time eAssist learned of issues raised in this lawsuit was when the lawsuit was filed.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) should be granted if the complaint fails "to state a claim to relief that is plausible on its face." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citation omitted). For purposes of a Rule 12(b)(6) motion, the Court must accept all the allegations in the Complaint as true. *Id.* But the Court does not "accept the nonmoving party's legal conclusions as true." *Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) (citation omitted).

## ARGUMENT

The Court should dismiss this case. The Agreement governing the parties' business relationship requires the parties to mediate any dispute as a prerequisite to litigation. Plaintiff disregarded this contractual obligation and should not reap any benefit from her breach.

Courts routinely dismiss lawsuits where a plaintiff fails to abide by a contract's requirement for mediation as a precursor to filing a lawsuit. *See US Magnesium, LLC v. ATI Titanium, LLC*,

---

[2] *See Pruett v. U.S. Bank Nat. Ass'n*, No. 1:12CV00006, 2012 WL 5465554, at *1–2 (W.D. Va. May 4, 2012) (dismissing action where plaintiff failed to allege compliance with contractual provision requiring mediation as a precondition to initiating litigation).

2

No. 2:16-CV-1158 TS, 2017 WL 913596, at *4 (D. Utah Mar. 7, 2017) (citation omitted); *see also Tattoo Art, Inc. v. Tat Int'l, LLC*, 711 F. Supp. 2d 645, 651 (E.D. Va. 2010) (citing cases).

The Agreement here unambiguously requires mediation as a precursor to litigation. *See Zions Mgmt. Servs. v. Rec.*, 2013 UT 36, ¶ 32, 305 P.3d 1062, 1071 (explaining that under Utah law, "[i]f the language within the four corners of the contract is unambiguous, the parties' intentions are determined from the plain meaning of the contractual language" (citation and internal quotation marks omitted)). The Agreement provides that "[a]ny and all disputes arising from, or relating to, this Agreement ***shall first be attempted to be resolved through good faith, non-binding mediation*** . . ." Ex. A at § 17 (emphasis added). The Agreement then doubles-down on the mediation requirement: "Each of the parties hereto hereby ***expressly agrees that the mediation of any said dispute is an express precondition for proceeding with further legal action of each said dispute***." *Id.* (emphasis added).

Despite expressly agreeing to mediate before bringing litigation, Plaintiff ignored this responsibility and filed the present lawsuit without ever raising any concerns to eAssist regarding the complaints asserted in the lawsuit, much less attempting to mediate them. Plaintiff should receive no benefit from her breach of the mediation provision of the Agreement, and eAssist should not be denied the benefit of its bargain. *See Tattoo Art*, 711 F. Supp. 2d at 652 (dismissing complaint without prejudice and noting that "by failing to request mediation prior to filing this lawsuit, Plaintiff denied Defendants the benefit of their bargain. As with any other contract, this Court cannot simply ignore the clear intent of the parties.").

The relief eAssist seeks here was recently granted in a similar case before this Court. *See US Magnesium*, 2017 WL 913596, at *2–4. In *U.S. Magnesium*, the Court dismissed the plaintiff's

complaint without prejudice because the plaintiff failed to comply with a mandatory mediation provision it had executed with defendant. *Id.* The relevant provision declared that "the parties will submit [any] dispute, difference, controversy or claim to settlement proceedings pursuant to mediation administered by the American Arbitration Association," and that litigation could proceed only if the dispute "has not been resolved within sixty (60) days of its submission to mediation . . ."*Id.* at *2.

The Court noted that it had "discretion to either dismiss the action or to stay it pending mediation." *Id.* at *4 (citation omitted). "In making this determination, Courts focus on three main factors: the harm of dismissal to the plaintiff, the harm of not dismissing to the defendant, and the interests of judicial efficiency." *Id.* (citation omitted). The Court determined that all three of the factors favored dismissing the case without prejudice.

First, the Court found that there was no harm to the plaintiff if the case was dismissed without prejudice, because the plaintiff could simply re-file the case if mediation proved unsuccessful. *Id.*

Second, failing to dismiss the complaint would cause significant harm to the defendant, as the defendant was entitled for "mediation to proceed without the cloud of litigation." *Id.* After all, "[t]he parties contracted for a certain dispute resolution procedure," and "[b]y failing to engage in mediation prior to filing suit, Plaintiff has denied Defendant the benefit of their bargain." *Id.* The Court emphasized that if it "simply ignored Plaintiff's conduct," it "'would be setting a precedent that parties may disregard such conditions and pay no consequences so long as they subsequently engage in fruitless mediation.'" *Id.* (quoting *Stone & Webster, Inc. v. Georgia Power Co.*, 968 F.

4

Supp. 2d 1, 10 (D. D.C. 2013)). *"Such a position would plainly render the mediation requirement a nullity."* *Id.* (citation and internal quotation marks omitted).

Finally, the Court concluded that "while the dismissal may result in certain inefficiencies, those inefficiencies do not outweigh the harm to Defendant if this case is not dismissed." *Id.* And, in any event, "any inefficiency in dismissing the Complaint is due to Plaintiff failing to abide by the terms of the Agreement." *Id.* Indeed, "[h]ad Plaintiff complied with the dispute resolution process to which it agreed, dismissal would not be necessary." *Id.*

As in *U.S. Magnesium*, all three of the relevant factors favor dismissal here. Specifically, Plaintiff will not be harmed by dismissal, as she can re-file the case if the parties cannot resolve the issue through mediation. On the other hand, eAssist will be deprived (and has already been deprived) of the benefit of its bargain with Plaintiff if it is forced to mediate with this case hanging over its head. eAssist agreed to the mediation provision specifically to avoid the exact scenario Plaintiff has caused—a surprise lawsuit that is instantly public. Plaintiff's breach of the mediation clause has already harmed eAssist, including (1) internal business disruption and reallocation of internal resources away from its profit center to address the public litigation and answer questions from employees, contractors, customers, and investors, (2) damage to brand and loss of goodwill, clients and contractors (the lawsuit was picked up and publicized by law360.com), and (3) legal fees and costs expended to strategize and address the previous two issues and the surprise lawsuit itself. An immediate dismissal should be granted.

Finally, if any judicial inefficiency exists, it stems entirely from Plaintiff's decision to disregard her contractual responsibilities. Consequently, the Court should exercise its discretion to dismiss this case without prejudice and compel Plaintiff to mediate her claims.[3]

---

[3] Even if this case were to proceed, certification of an FLSA collective should be denied. First, like Plaintiff, any purportedly similarly situated remote dental billing specialist signed an agreement with a mandatory mediation provision. If the Court allowed Plaintiff's collective action to proceed, it would nullify these mediation provisions and deny eAssist the benefit of its bargain with each of the remote dental billing specialists. *See, e.g.*, *US Magnesium*, 2017 WL 913596, at *2–4. Each individual remote dental billing specialist must individually mediate any potential claims with eAssist before litigating the issue. They are not entitled to bypass that requirement simply because an unrelated remote dental billing specialist happened to file a putative collective action.

Second, the determination of whether an individual is misclassified as an independent contractor is highly fact-specific, making it impossible to certify a collective in this case. Courts use the "economic realities test" to determine whether a particular worker is an independent contractor. This test requires the Court to consider many factors, including the following:

> (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business.

*Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998) (citation omitted). Although eAssist affirmatively asserts that it has properly classified all its independent contractors, each worker's status must be determined individually in any litigation—based on each worker's own unique situation. There is too much variety in each worker's circumstances to certify Plaintiff's proposed collective. Sister courts within the Tenth Circuit have dismissed collective actions in similar cases where the proposed collective consisted of allegedly misclassified independent contractors. *See, e.g.*, *Blair v. TransAm Trucking, Inc.*, 309 F. Supp. 3d 977, 1003 (D. Kan. 2018) (ruling that the potential collective members "are not 'similarly situated' because the 'economic realities' test necessitates a 'totality of the circumstances' approach to determine whether it has been satisfied," and that "[t]he relevant facts that must be considered under the 'economic realities' test widely vary between" the potential collective members).

## **CONCLUSION**

The Court should dismiss Plaintiff's Complaint without prejudice and compel mediation pursuant to the Agreement.

DATED March 23, 2022

PARSONS BEHLE & LATIMER

*/s/ Sean A. Monson*
Sean A. Monson
Christina M. Jepson
Eric U. Johnson
Aaron M. Worthen

*Attorneys for Defendant*

4868-3871-9512.v2

**CERTIFICATE OF SERVICE**

I certify that on March 23, 2022, I caused the foregoing to be electronically filed using the Court's electronic filing system, which caused notice of the filing to be sent to all counsel of record.

/s/ Sean A. Monson

8

4868-3871-9512.v2