EXHIBIT 1

**EXHIBIT 1**

Jason D. Haymore (No. 13236)
Brandon Sipherd (No. 17910)
PEARSON BUTLER, LLC
1802 South Jordan Parkway, Suite 200
South Jordan, UT 84095
Tel: 801.495.4104
JasonH@pearsonbutler.com
brandon@pearsonbutler.com

Amanda Kuklinski (*pro hac vice*)
ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
akuklinski@zoldangroup.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES COURT DISTRICT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTINA LEWIS, an individual, individually and on behalf of all others similarly situation,<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>EASSIST, INC. D/B/A EASSIST DENTAL SOLUATIONS, a Utah corporation,<br><br>　　　　　　Defendants. | **DECLARATION OF CHRISTINA LEWIS**<br><br>Case No.: 2:22-cv-00121-HCN-DAO<br><br>Honorable Magistrate: Daphne A. Oberg |

I, Christina Lewis, declare and state under penalty of perjury the following:

　　1. I make this declaration from my own personal knowledge and experience working for Defendant.

　　2. I was employed by Defendant from approximately December 2020 through November 24, 2021 as a remote dental billing specialist.

3. Defendant classified me as an independent contractor.

4. Prior to beginning my employment with Defendant, I was required to sign an "eAssist Independent Contractor Service Agreement," attached hereto as **Attachment 1** (hereinafter, "The Service Agreement").

5. The Service Agreement was prepared by Defendant and given to me by Defendant's Talent Coordinator, Mateo [last name unknown].

6. I also discussed my pay structure with Mateo, and he informed me that all remote dental billing specialists were paid using this structure.

7. I did not negotiate the terms of The Service Agreement nor was I given an opportunity to do so.

8. I believe that The Service Agreement is a standard document that Defendant requires all remote dental billing specialists to sign prior to beginning work.

9. I was not hired to work for a finite time period; rather, I expected to continue working for Defendant indefinitely until I quit or Defendant no longer assigned me customers.

10. Defendant controlled the customers to which I was assigned and the rate at which I was paid.

11. The majority of my job required following basic claims procedures to submit necessary documents and perform follow-up tasks on insurance claims.

12. Throughout my employment, I used an email address provided by Defendant and accessed customer systems using remote access software installed by Defendant.

13. Defendant provided the training to use the remote access software.

14. Throughout my employment, I was paid a flat monthly rate based on the customers I serviced, regardless of how many hours I worked.

15. I regularly worked over 40 hours per week.

16. Throughout my employment, I was not paid time and a half for hours worked over 40 in a workweek.

17. I was never paid more than $500 per month.

18. Therefore, my hourly wage was regularly below the federal minimum wage of $7.25 per hour.

19. I worked with other remote dental billing specialist workers who regularly performed the same or substantially similar job duties as I did.

20. In my work at the assigned customer White Flint Family Dental, I worked with two other remote dental billing specialists, including a team lead.

21. Based on my conversations with other remote dental billing specialists, I believe others were paid in the same way that I was.

22. On one occasion, I discussed my pay structure with my team lead, Melissa [last name unknown].

23. During this conversation, I asked Melissa about a paycheck that was lower than I expected it to be. Melissa told me she was also paid the same amount.

24. Based on this conversation, it is my understanding that Melissa was paid using the same flat rate structure by which I was paid.

25. On March 24, 2022, I visited Defendant's website, the home page of which is located at dentalbilling.com.

26. The "Who We Are" page of Defendant's website, located at dentalbilling.com/who-we-are, states that Defendants support over 1,400 dental billing practices. A copy of this page is attached hereto as **Attachment 2.**

27. The "Join the eAssist Platform" page of Defendant's website, located at dentalbillingjobs.com, advertises remote dental billing jobs as a "dental business services contractor using the eAssist platform" and a "independent contractor." A copy of this page is attached hereto as **Attachment 3**.

_____  _____
Christina Lewis                                   Date

3/25/2022