Jason D. Haymore (No. 13236)
Brandon Sipherd (No. 17910)
PEARSON BUTLER, LLC
1802 South Jordan Parkway, Suite 200
South Jordan, UT 84095
Tel: 801.495.4104
JasonH@pearsonbutler.com
brandon@pearsonbutler.com

Amanda Kuklinski (*pro hac vice*)
ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
akuklinski@zoldangroup.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES COURT DISTRICT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CHRISTINA LEWIS, an individual, individually and on behalf of all others similarly situation,<br><br>Plaintiffs,<br>vs.<br><br>EASSIST, INC. D/B/A EASSIST DENTAL SOLUATIONS, a Utah corporation,<br><br>Defendant. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE DEADLINES REGARDING CONDITIONAL CERTIFICATION**<br><br>Case No.: 2:22-cv-00121-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Honorable Magistrate: Daphne A. Oberg |

Plaintiff, by and through undersigned counsel, submits this response in opposition to Defendant's Motion to Continue Deadlines Regarding Conditional Certification. As set forth below, the requested continuance and resulting delay in conditional certification would cause significant harm to Plaintiff and the putative class members by delaying notice

of the pending action and opportunity to opt in to the putative class members and thereby causing class members' statute of limitations to run indefinitely. Plaintiff therefore requests the Court deny Defendant's motion.

## **ARGUMENT**

Courts have inherent authority to control their docket, including broad discretion to stay proceedings "to provide economy of time and effort." *Seed Research Equip. Solution, LLC v. Gary W. Clem, Inc.*, No. 09-01282-EFM-KGG, 2012 U.S. Dist. LEXIS85074, * 6 (D. Kan. June 20, 2012)(unpublished). The Court should exercise its discretion here to deny Defendant's motion due to the significant harm to Plaintiff and the putative class members which would result from granting an indefinite continuance pending resolution of the Motion to Dismiss and Compel Mediation.[1]

As argued in Plaintiff's Motion for Conditional Certification, because each employee's statute of limitations continues to run until the filing of his or her written consent, it is imperative that a motion for conditional certification be filed and decided early in litigation. *See, e.g.*, *Kalish v. High Tech. Inst.*, No. 04-cv-1440 (JRT/JSM), 2005 WL 1073645, at *3 & n.1 (D. Minn. Apr. 22, 2005)(unpublished)(*citing Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996))(See Plaintiff's Motion for Conditional

[1] Defendant accuses Plaintiff of filing her Motion for Conditional Certification "rather than responding to the Motion to Dismiss." (Defendant's Brief at 3). Notably, Plaintiff filed her Motion for Conditional Certification on March 28, 2022, five days (three business days) after Defendant filed its Motion to Dismiss. (Dkt. 16, 17). She did so to ensure prompt certification of the class and preserve the rights of the putative class members. Defendant's Motion to Dismiss was filed on March 23, 2022, and Plaintiff's response is not due until April 6, 2022, by which time Plaintiff intends to file a Response in Opposition.

Certification at page 6). For this reason, courts generally apply a very lenient standard to conditional certification. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). Dubbed the "notice stage," *id.*, the purpose of conditional certification is to provide prompt certification and therefore prompt notice to opt-in plaintiffs to ensure preservation of their rights. See *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170-171 (1989)(recognizing the importance of "employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate").

The policies reflected in the well-established case law regarding conditional certification support denying Defendant's Motion to Continue. Defendants do not seek a short extension; rather, they seek an *indefinite* delay to briefing the issue of conditional certification while the Motion to Dismiss is pending. Even assuming speedy resolution of the Motion to Dismiss, granting this continuance will delay class certification a *minimum* of twenty-eight additional days (fourteen days to respond and fourteen days to reply, pursuant to DUCivR 7-1(a)(4)(D)). During this time, an untold number of putative class members will lose part or all of their claims under the FLSA's statute of limitations, causing significant harm.

Though Defendant is correct that the case is "barely a month old," (Defendant's Brief at 3), Defendant's unlawful practices as alleged in the complaint are far older. Moreover, by the time the Court reaches a decision on the Motion to Dismiss and allows for additional time to complete briefing on the Motion for Conditional Certification, the case will certainly be significantly older, and the statute of limitations will continue to run

for the putative class members until certification is granted and the members opt in. The Court can minimize the damage caused by this inevitable delay by denying Defendant's request to continue the deadlines and require this matter to be fully briefed while awaiting the Court's decision on the Motion to Dismiss so the Court can promptly rule on the Motion for Conditional Certification after ruling on the Motion to Dismiss.

Finally, Defendant's argument that responding to Plaintiff's Motion for Conditional Certification could constitute waiver of its alleged right to mediation is utterly without merit. (Defendant's Brief at 4). In the case cited, *In re Cox Enterprises, Inc. Set-top Cable Television Box Antitrust Litig*., 790 F.3d 1112, 1117 (10th Cir. 2015), the Defendant failed to assert its right to arbitration until the day it filed for summary judgment, after engaging in litigation activities inconsistent with its purported right to arbitration. *Id.* Here, Defendant has already raised its alleged right to mediation in its Motion to Dismiss and Compel Mediation (Dkt. 16). It cannot be said to have waived a right it has already asserted.

For the foregoing reasons, Plaintiff requests the Court deny Defendant's Motion to Continue Deadlines Regarding Conditional Certification.

RESPECTFULLY SUBMITTED April 5, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Amanda Kuklinski
5050 N. 40th St., Suite 260
Phoenix, AZ 85018

**PEARSON BUTLER, LLC**
Brandon Sipherd
Jason D. Haymore
1802 South Jordan Parkway, Suite 200
South Jordan, UT 84095

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2022, I electronically transmitted the foregoing document using the Court's electronic filing system, which caused notice of the filing to be sent to all counsel of record.

/s/ Ashley Peschke