UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CHRISTINA LEWIS, an individual, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>EASSIST, INC. d/b/a EASSIST DENTAL SOLUTIONS, a Utah corporation,<br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO CONTINUE DEADLINES REGARDING CONDITIONAL CERTIFICATION (DOC. NO. 18)**<br><br>Case No: 2:22-cv-00121<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Christina Lewis filed this action against her former employer, eAssist Inc. d/b/a eAssist Dental Solutions ("eAssist"), claiming eAssist failed to pay minimum wage and overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (*See generally* Compl., Doc. No. 2.) Ms. Lewis brings this case under the FLSA's collective action provision, 29 U.S.C. § 216(b). (Compl. ¶ 22, Doc. No. 2.) EAssist filed a motion to dismiss and to compel mediation, arguing Ms. Lewis' contract with eAssist requires her mediate her claims as a precondition to litigation. (Mot. to Dismiss and Compel Mediation 1, Doc. No. 13.) Shortly after the motion to dismiss was filed, Ms. Lewis moved for conditional certification of a collective action under section 216(b), seeking permission to send notice of this action to other potential plaintiffs. (Pl.'s Mot. for Conditional Certification 1–2, Doc. No. 17.)

EAssist has now moved to continue "all deadlines related to" Ms. Lewis' motion for conditional certification, including the response deadline, until the court rules on its motion to dismiss and to compel mediation. (Mot. and Mem. to Continue Deadlines Regarding

1

Conditional Certification ("Mot. to Continue") 1–2, Doc. No. 18.) Ms. Lewis opposes the motion to continue. (Pl.'s Resp. in Opp'n to Def.'s Mot to Continue Deadlines Regarding Conditional Certification ("Opp'n"), Doc. No. 21.) For the reasons explained below, the court denies eAssist's motion to continue the conditional certification deadlines.

## LEGAL STANDARDS

Rule 6 of the Federal Rules of Civil Procedure provides the court may grant an extension of time "for good cause" when an act "must be done within a specified time," and a request is made before the deadline expires. Fed. R. Civ. P. 6(b)(1)(A). EAssist cites this rule in support of its motion. (Mot. to Continue 2, Doc. No. 18.) However, eAssist does not merely seek to extend its response deadline for a specified period of time; instead, it seeks an indefinite stay of "all deadlines related to" conditional certification pending a ruling on the motion to dismiss. (*Id.* at 1, 3.) Accordingly, legal standards applicable to motions to stay proceedings based on pending dispositive motions are instructive here.

"As part of the inherent power to control its docket, a district court has discretion to stay proceedings pending before it," and may do so "to provide economy of time and effort for itself and for counsel and litigants appearing before the court." *Seed Research Equip. Sols., LLC v. Gary W. Clem, Inc.*, No. 09-01282, 2012 U.S. Dist. LEXIS 85074, at *6 (D. Kan. June 20, 2012) (unpublished) (internal quotation marks omitted). "When determining whether to grant a stay, the court must weigh competing interests and consider the effects of the stay on the Court's docket, on counsel, and on the litigants." *Martin v. SGT Inc.*, No. 2:19-cv-00289, 2019 U.S. Dist. LEXIS 237658, at *3 (D. Utah Aug. 21, 2019) (unpublished) (internal quotation marks omitted). "The mere pendency of a dispositive motion, in and of itself, is generally not sufficient

to support the issuance of a stay." *Id.* at *4. In deciding whether to grant a motion to stay pending resolution of a dispositive motion, courts consider factors such as:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388, at *4–5 (D. Colo. Mar. 30, 2006) (unpublished).

## ANALYSIS

EAssist argues good cause exists to indefinitely continue conditional certification deadlines because, if the court grants the motion to dismiss, the motion for conditional certification will be moot. (Mot. to Continue 3, Doc. No. 18.) For this reason, eAssist contends it would be inefficient and unnecessary to expend the parties' and the court's resources on briefing and arguing the motion for conditional certification before a ruling on the motion to dismiss. (*Id.* at 3–4.) EAssist also argues it could be accused of waiving its right to mediation if it responds to the motion for conditional certification. (*Id.* at 4.)

In opposition, Ms. Lewis argues she and the other potential collective action plaintiffs will suffer significant harm if an indefinite stay is granted because, in an FLSA collective action, statutes of limitation continue to run for potential collective action plaintiffs until they file written consent to "opt in" to the lawsuit. (Opp'n 2–3, Doc. No. 21.) She argues conditional certification procedures are intended to allow prompt notice to potential opt-in plaintiffs to ensure preservation of their rights, and motions for conditional certification should be decided early in the litigation. (*Id.*) If briefing on conditional certification is stayed indefinitely, Ms.

Lewis contends an "untold number" of potential opt-in plaintiffs will lose part or all of their claims under the FLSA's statute of limitations. (*Id.* at 3.)

In reply, eAssist argues Ms. Lewis does not represent potential opt-in plaintiffs and lacks standing to raise statute of limitations arguments on their behalf. (Reply in Support of Mot. to Continue Deadlines Regarding Conditional Certification ("Reply") 3–4, Doc. No. 24.) EAssist also argues the potential opt-in plaintiffs will not be harmed by any delay because they are free to bring their own claims at any time or to seek equitable tolling of the limitation period on their own behalf. (*Id.* at 4–5.)

In evaluating eAssist's motion, it is important to note collective actions under the FLSA differ from class actions brought under Rule 23 of the Federal Rules of Civil Procedure. As Ms. Lewis points out, unlike Rule 23 class actions, the statute of limitations for FLSA claims continues to run for each potential plaintiff until that plaintiff files written consent to opt-in to the lawsuit.[1] *See* 29 U.S.C. § 256; *Oldershaw v. Davita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 1113–14 (D. Colo. 2017). Additionally, the requirements and procedures for certification of an FLSA collective action are distinct from class certification under Rule 23. *See Oldershaw*, 255 F. Supp. 3d at 1114–15. Courts typically apply a two-step certification procedure to FLSA collective actions. *See id.* at 1114; *Cazeau v. TPUSA, Inc.*, No. 2:18-cv-00321, 2020 U.S. Dist. LEXIS 117192, at *4–5 (D. Utah July 2, 2020) (unpublished). First, the court "makes an initial notice stage determination of whether plaintiffs are similarly situated," for purposes of authorizing a plaintiff to give notice of the lawsuit to other employees. *Cazeau*, 2020 U.S. Dist.

---

[1] A three-year statute of limitations applies for "willful" violations of the FLSA, and a two-year statute of limitations applies to all other FLSA claims. 29 U.S.C. § 255(a).

4

LEXIS 117192, at *4 (internal quotation marks omitted). "The purpose of the notice is to alert potentially aggrieved individuals that they can join the lawsuit by filing a written consent." *Oldershaw*, 255 F. Supp. 3d at 1114. "Giving this notice early in the case helps protect the rights of employees and former employees because filing of the consent tolls any statute of limitation." *Id.* Courts apply a lenient standard at this stage, granting conditional certification if the plaintiff makes "substantial allegations that individuals other than the named plaintiff(s) were victims of a single decision, plan, or policy of the defendant employer." *Id.* Second, after discovery is completed, the court makes a final certification determination regarding whether the plaintiffs who opted in are similarly situated. *Id.* By contrast, "certification of a class under Rule 23 is more significant and serves an entirely different purpose"—namely, creation of a class of unnamed plaintiffs whose interests generally are represented by class counsel and the named plaintiff(s). *Id.* at 1115.

With these procedures in mind, the court considers the factors applicable to motions to stay. Ms. Lewis has an interest in proceeding expeditiously with this action on her own behalf. And potential opt-in plaintiffs also have an interest in proceeding expeditiously with conditional certification and notice, given that the statute of limitations continues to run until each plaintiff files written consent to join the lawsuit. *See Oldershaw*, 255 F. Supp. 3d at 1114. In arguing Ms. Lewis lacks standing to raise statute-of-limitations arguments on behalf of potential opt-in plaintiffs, eAssist cites a district court case from another circuit finding named plaintiffs had no authority to move to equitably toll the limitation period for potential opt-in plaintiffs.[2] *See*

---

[2] EAssist also cites a case in this district which substantively considered and denied a plaintiffs' motion to equitably toll the limitation period for potential opt-in plaintiffs, finding the

*Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 U.S. Dist. LEXIS 23630, at *20 (S.D. Ohio Feb. 26, 2015) (unpublished). However, Ms. Lewis does not ask the court to toll the limitation period for other potential litigants. She merely argues that delaying conditional certification could result in the limitation period expiring on potential collective action plaintiffs' claims before they receive notice of the lawsuit. The interests of nonparties to the litigation is one factor to be considered in evaluating a motion to stay, *see String Cheese Incident*, 2006 U.S. Dist. LEXIS 97388, at *4–5, and Ms. Lewis may properly raise arguments regarding how the motion to stay could affect nonparties. Because early notice protects the rights of potential opt-in plaintiffs whose statutes of limitation continue to run until they file written consent, *see Oldershaw*, 255 F. Supp. 3d at 1114, this factor weighs against an indefinite stay of conditional certification deadlines.

      On the other hand, the burden on eAssist of proceeding with briefing on conditional certification is relatively low. Unlike class certification under Rule 23, notice-stage conditional certification under the FLSA is based solely on the plaintiff's allegations, which are evaluated under a lenient standard. *Oldershaw*, 255 F. Supp. 3d at 1114. Thus, responding to Ms. Lewis' motion for conditional certification will not require eAssist to expend resources on discovery, but merely to file a responsive memorandum addressing the sufficiency of Ms. Lewis' allegations. Although this inevitably entails some cost, the burden of filing a single responsive brief does not outweigh the possible harm to Ms. Lewis and the potential opt-in plaintiffs of indefinitely

---

requirements for equitable tolling were not met. *See Johnson v. Acad. Mortg. Co.*, No. 2:12-cv-00276, 2012 U.S. Dist. LEXIS 127601, at *3–10 (D. Utah Sept. 6, 2012) (unpublished). Because Ms. Lewis does not seek to equitably toll the statute of limitations, *Johnson* is inapplicable to the issue before the court.

delaying conditional certification and notice. Further, the parties' efforts in briefing the issue of conditional certification will not necessarily be wasted even if eAssist prevails on its argument that Ms. Lewis must mediate before proceeding with this case. If mediation is unsuccessful, Ms. Lewis could, presumably, proceed with her claims and the conditional certification process, and any briefing on this issue would remain applicable. Finally, eAssist's argument that responding to the motion for conditional certification could be deemed a waiver of its mediation argument is unsupported. EAssist relies on a case finding waiver where a party failed to assert its right to arbitration until the summary judgment stage, after it fully litigated class certification. *See In re Cox Enters. Set-Top TV Box Antitrust Litig.*, 790 F.3d 1112, 1117 (10th Cir. 2015). But eAssist asserted its right to mediation in a motion to dismiss at the outset of the case, and it has cited no authority supporting a finding of waiver in these circumstances.

The other factors—the convenience to the court and the public interest—are not substantially implicated here and do not weigh for or against a stay. Because the interests of Ms. Lewis and the potential opt-in plaintiffs of proceeding expeditiously outweigh the burden on eAssist of filing a response to Ms. Lewis' motion for conditional certification, the court denies eAssist's motion to indefinitely stay conditional certification deadlines.

## CONCLUSION

EAssist's motion to indefinitely continue deadlines regarding conditional certification, (Doc. No. 18), is denied. Nevertheless, the court will grant a limited extension to allow eAssist adequate time submit a responsive brief following the issuance of this order. EAssist's deadline

7

to respond to Ms. Lewis' motion for conditional certification, (Doc. No. 17), shall be fourteen days from the date of this order.

DATED this 26th day of April, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge